UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
THURSDAY LLC,                                                    :
                                                                 :
                                    Plaintiff,                   :    **ORDER DENYING**
                                                                 :    **MOTION TO DISMISS**
           -against-                                             :
                                                                 :    20 Civ. 9142 (AKH)
DNVB, INC. d/b/a/ THURSDAY BOOT CO.                              :
                                                                 :
                                    Defendant.                   :
---------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiff Thursday LLC ("Plaintiff" or "Thursday LLC") brings this suit alleging federal and state trademark infringement claims against Defendant DNVB, Inc. ("DNVB"). DNVB moves to dismiss the complaint for lack of standing and failure to state a claim. ECF No. 33. Defendant's motion is denied.

I.  BACKGROUND

The facts as alleged are as follows. Thursday LLC, a New Jersey Limited Liability Company not formally a party (the "New Jersey LLC"), was formed in September 2000 to represent the rock band "Thursday" in its business activities. Am. Compl. ¶ 11, ECF No. 27. The New Jersey LLC registered the following Trademarks: (a) THURSDAY, U.S. Registration No. 2,761,157 in International Class 9 including for "Musical sound recordings; audio-visual recordings featuring music..."; (b) THURSDAY, U.S. Registration No. 2,758,356 in International Class 16 for "posters, post cards, record cards, blank cards, stickers, bumper stickers and printed paper signs"; (c) THURSDAY, U.S. Registration No. 2,763,676 for "Clothing, namely, shirts, t-shirts, tank tops, jerseys, jackets and sweatshirts" in International Class 25; and (d) THURSDAY, U.S. Registration No. 2,482,453 in International Class 41 for

"entertainment services, namely live musical performances by a musical group, production of music recordings, shows and videos featuring musical performances, shows and videos featuring musical performances, music shows and events before a live audience, which may be broadcast live or recorded for late broadcast" (collectively, the "Thursday Marks"). *Id.* ¶ 11.

On January 17, 2012, one of the New Jersey LLC's corporate officers, Steven Pedulla, filed a Certificate of Formation with the State of Delaware for Plaintiff Thursday, LLC. Am. Compl ¶ 14. Plaintiff has the same purpose, members, corporate structure, and tax identification number as the New Jersey LLC. *Id.* ¶ 13. The New Jersey LLC was then cancelled on January 30, 2012. Plaintiff has continued to do business on behalf of the band since its formation.

In August 2019, DNVB filed trademark applications for THURSDAY BOOT CO., Serial No. 88568828 for "leather bags and wallets" in International Class 18; THURSDAY BOOT CO. w/Design, Serial No. 88568838 for "Leather bags and wallets" in International Class 18 and "Jackets and Leather belts in International Class 25; THURSDAY BOOT CO. in standard letters, Serial No. 88976546 for "footwear" in International Class 25; and THURSDAY BOOT CO. w/Design, Serial No. 88976547 for "footwear" in International Class 25 (collectively referred to as the "THURSDAY BOOT CO. Marks"). *Id*. ¶ 20. The United States Patent and Trade Office ("USPTO") denied the applications based on the likelihood of confusion with the Thursday Marks. *Id*. ¶ 21. DNVB is currently appealing the final refusals. *Id.* Despite the refusal to register, DNVB has continued to use the Thursday Boot Co. Marks and "Thursday" on its goods and in its marketing. *Id*. ¶ 22.

On October 30, 2020, the New Jersey LLC filed suit against DNVB alleging infringement of the Thursday Marks. *See* Compl., ECF No. 1. On January 4, 2021, DNVB moved for judgment on the pleadings on the grounds that New Jersey LLC no longer exists.

ECF No. 21. On February 1, 2021, Plaintiff filed an Amended Complaint, substituting Thursday LLC for the New Jersey LLC, as Plaintiff. Plaintiff alleges six claims: trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114 (Count I); false designation and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) (Count II); dilution in violation of New York General Business Law Article 24 § 360 (Count III); and New York common law trademark infringement and unfair competition (Counts IV-V). Plaintiff also seeks the cancellation of Defendant's "Thursday Everyday" Trademark (Count VI).

## II. DISCUSSION

DNVB argues that Thursday LLC lacks standing to sue because it does not own the trademarks at issue. Def. Br. 3, ECF No. 35. DNVB also argues that Plaintiff cannot state a claim upon which relief can be granted because they cannot show trademark ownership. ECF No. 35. These are addressed in turn.

### a. Standing

A claim may be dismissed for lack of subject matter jurisdiction when the district court lacks "the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). A plaintiff must have standing at the time that suit is brought. *See Minneapolis & St. Louis R.R. Co. v. Peoria & Pekin Union Ry. Co.,* 270 U.S. 580, 586 (1926) ("The jurisdiction of the lower court depends upon the state of things existing at the time the suit was brought."). "The party seeking to invoke the jurisdiction of the court bears the burden of establishing that he has met the requirements of standing." *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). In evaluating a motion to dismiss under Rule 12(b)(1), a district court may consider evidence outside the pleadings." *Morrison*, 547 F.3d at 170.

I find that Plaintiff lacks standing to assert its claim under Section 32 of the Lanham Act. Section 32 (1) allows only a "registrant" to sue for trademark infringement. *See* 15 U.S.C. § 1114(1) ("Any person who shall, without the consent of the registrant . . . [commit any of several infringement offenses] shall be liable in a civil action by the registrant for the remedies hereinafter provided."). "Registrant" includes the registrant's "legal representatives, predecessors, successors, and assigns." *Id*. § 1127. Plaintiff concedes that the New Jersey LLC registered the Thursday Marks but argues that the New Jersey LLC assigned its ownership of the trademarks to Plaintiff. To support this claim, Plaintiff submitted a *nunc pro tunc* Trademark & Service Mark Assignment Agreement (the "Assignment Agreement") dated February 2, 2021, between Thursday LLC and the New Jersey LLC. The Assignment Agreement assigned "all rights in and to the Marks" to Thursday LLC, as well as "all of the goodwill symbolized" by the Thursday Marks. Israel Decl. Exh. A, ECF No. 39. The assignment was recorded on February 2, 2021 with the USPTO, with an effective date of January 17, 2012. *Id.,* Exh. B.

A *nunc pro tunc* assignment cannot retroactively cure a plaintiff's lack of standing. *See Gaia Techs., Inc. v. Reconversion Techs., Inc*., 93 F.3d 774, 779–80 (Fed. Cir. 1996) (finding that Plaintiff lacked standing based on *nunc pro tunc* assignment executed after lawsuit began with effective date prior to lawsuit); *Shandong Shinho Food Indus. Co. v. May Flower Int'l, Inc.*, No. 19-CV-1621 (MKB), 2021 WL 736710, at *9 (E.D.N.Y. Feb. 25, 2021) (quoting *Spin Master, Ltd. v. E. Mishan & Sons, Inc.*, No. 19-CV-9035, 2019 WL 6681563, at *9 n.8 (S.D.N.Y. Dec. 6, 2019)) ("A party may not cure a standing defect by a '*nunc pro tunc*' assignment of rights that occurs after a plaintiff has filed suit."). Because the Assignment Agreement was executed on February 2, 2021, after both the Initial Complaint and the Amended Complaint were filed, that cannot be the route to standing. Plaintiff's corporate meeting minutes,

purporting to show a change in title from one LLC to the plaintiff, also cannot be the route to standing, for minutes "are a memorialization of an agreement," not an actual written instrument that would vest legal title in the Thursday Marks. *See Gaia Techs., Inc.,* 93 F.3d at 779; *see* 15 U.S.C. § 1060(a)(3) ("Assignments shall be by instruments in writing duly executed").

However, the Amended Complaint sufficiently and plausibly alleges that plaintiff was the legal successor to the New Jersey LLC, and that the two companies are the same except for the State granting the LLC charter. *See Gameologist Grp., LLC v. Sci. Games Int'l, Inc*., 838 F. Supp. 2d 141, 166 (S.D.N.Y. 2011) (citing *In re Murray Realty Co*., 35 F. Supp. 417, 419 (N.D.N.Y. 1940)) (explaining that one corporation is the successor of another when, "'by a process of amalgamation, consolidation or duly authorized legal succession, [it] has assumed the burdens of the first corporation'"). Plaintiff alleges that it and the New Jersey LLC are "fundamentally the same entity," owned and controlled by the same purpose, sharing the same name, tax identifications and board members, continuing use of the same trademarks and conducting the same business, and that these facts overcome a presumption of corporate separateness. *See Crown Cent. Petroleum Corp. v. Cosmopolitan Shipping Co*., 602 F.2d 474, 476 (2d Cir. 1979); *United Tactical Systems, LLC v. Real Action Paintball, Inc*., 2017 WL 713135, *35 (N.D. Cal. Feb. 23, 2017).

Similarly Plaintiff has standing to bring its claim under Section 43(a) of the Lanham Act for false designation of origin and unfair competition. 15 U.S.C. § 1125(a)(1)(A). Unlike Section 32, Section 43(a) does not limit infringement actions to "registrants" or require a federal trademark registration. *See Glob. Merch. Servs., Ltd. v. Sunfrog, LLC*, No. 17 CIV. 10154 (AKH), 2018 WL 11223365, at *1 (S.D.N.Y. Aug. 9, 2018) (citing *id.*) (explaining that Section 43(a) permits suits "'by any person who believes that he or she is or is likely to be damaged' by

the defendant's actions"); *see also Quabaug Rubber Co. v. Fabiano Shoe Co.*, 567 F.2d 154, 160 (1st Cir. 1977) ("[O]ne who may suffer adverse consequences from a violation of [Section 43] has standing to sue regardless of whether he is the registrant of a trademark"). To establish standing under Section 43(a), a plaintiff must "demonstrate a 'reasonable interest to be protected' against the advertiser's false or misleading claims, and a 'reasonable basis' for believing that this interest is likely to be damaged by the false or misleading advertising." *Havana Club Holding, S.A. v. Galleon S.A.*, 203 F.3d 116, 130 (2d Cir. 2000) (citations omitted); *Smith v. Conair Corp.*, No. 18-CV-3317 (CM), 2018 U.S. Dist. LEXIS 86026, *6 (S.D.N.Y. May 18, 2018). "Although a [S]ection 43 plaintiff need not be a direct competitor, . . . standing to bring a section 43 claim requires the potential for a commercial or competitive injury." *Id.* (citations omitted); *Iconix Brand Grp., Inc. v. Bongo Apparel, Inc.*, 2008 U.S. Dist. LEXIS 51791, at *17-20 (S.D.N.Y. July 8, 2008) (dismissing parent company's Section 32 claims for lack of standing because it was neither the registrant nor owner of the mark, but upholding Section 43 claims due to its general commercial interest and pecuniary interest in the mark).

Plaintiff has a general commercial interest in the Thursday Marks. Plaintiff alleges that it has been using the Thursday Marks since its formation in 2012; it therefore is a direct competitor to DNVB. Plaintiff alleges that the Thursday mark is widely recognized and established as an "important influencer in the fashion and footwear space." Am. Compl. ¶ 10. Plaintiff also alleges that DNVB's continued sales of goods bearing the infringing marks will cause damage to these interests and is likely to cause confusion as to the origin of their goods, and to cause them to mistakenly believe that Defendant's goods are Plaintiff's goods. *See id.* ¶ 32. Plaintiff therefore has standing to assert its claims under Section 43(a).

DNVB additionally argues that Plaintiff lacks standing to seek cancellation of DNVB's "Thursday Everyday" marks, as "[t]he petitioner must show 'a real and rational basis for his belief that he would be damaged by the registration sought to be cancelled, stemming from an actual commercial or pecuniary interest in his own mark.'" *In re Houbigant, Inc.*, 914 F. Supp. 997, 1002 (S.D.N.Y. 1996) (citations omitted). Plaintiff does so. Although cancellation is a remedy for trademark infringement, and not a distinct cause of action, *Empresa Cubana Del Tabaco v. Culbro Corp.*, 123 F. Supp. 2d 203, 209 (S.D.N.Y. 2000); *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 98 (2d Cir. 2011), aff'd, 568 U.S. 85 (2013), no harm is done by alleging cancellation as a separate claim. Defendant's motion to dismiss Count VI is denied.

b. Failure to State a Claim

DNVB also seeks to dismiss the complaint in its entirety for failure to state a claim. In evaluating the sufficiency of a complaint under Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in the nonmoving party's favor. *Patane v. Clark*, 503 F.3d 106, 111 (2d Cir. 2007). To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

I hold that Thursday LLC has alleged sufficient factual allegations to state plausible claims for trademark infringement, false designation of origin, and unfair competition under the Lanham Act. "It is well settled that the standards for false designation of origin claims under Section 43(a) of the Lanham Act (15 U.S.C. § 1125) are the same as for trademark infringement claims under Section 32 (15 U.S.C. § 1114)." *Glob. Merch. Servs., Ltd.*, 2018 WL 11223365, at *8 (quoting *Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, No. 12 CV 5354, 2016

WL 1317524, at *6 (E.D.N.Y. Mar. 31, 2016)). To prevail on claims for trademark infringemement, false designation, and unfair competition of origin under the Lanham Act, a plaintiff "must demonstrate that (1) 'it has a valid mark that is entitled to protection' and that (2) the defendant's 'actions are likely to cause confusion with [that] mark.'" *Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 84 (2d Cir. 2020) (alteration in original) (citations omitted). claims.").

As to Plaintiff's claim for trademark dilution under NYBGL Section 360-l, Plaintiff must show "(1) that it possesses a strong mark—one which has a distinctive quality or has acquired a secondary meaning ... and (2) a likelihood of dilution by either blurring or tarnishment." *Kaplan, Inc. v. Yun*, 16 F. Supp. 3d 341, 352 (S.D.N.Y. 2014) (quoting *Fireman's Ass'n of State of N.Y. v. French Am. Sch. of N.Y.*, 41 A.D.3d 925, 839 N.Y.S.2d 238, 242 (2007)); *Scholastic, Inc. v. Stouffer*, 124 F. Supp. 2d 836, 848 (S.D.N.Y. 2000). These allegations are sufficient.

DNVB argues that all of Plaintiff's claims should be dismissed, as Plaintiff cannot prove ownership of the Thursday Marks. "A certificate of registration . . . [is] prima facie evidence of the validity of [a] registered mark." *Shandong Shinho Food Indus. Co. v. May Flower Int'l, Inc.*, No. 19-CV-1621 (MKB), 2021 U.S. Dist. LEXIS 35081, at *34-45 (E.D.N.Y. Feb. 25, 2021) (citing 15 U.S.C. § 1057(b)). Registration creates a presumption that the mark is entitled to protection. *Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*, 799 F.2d 867, 871 (2d Cir. 1986); *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768, 112 S. Ct. 2753, 120 L. Ed. 2d 615 (1992) ("[T]he general principles qualifying a mark for registration . . . are for the most part applicable in determining whether an unregistered mark is entitled to protection under § 43(a) [of the Lanham Act]"). Here, the registration of the Thursday Marks is prima facie evidence of the validity of the mark and creates a presumption that it is protectable. *See Lois Sportswear, U.S.A.,*

*Inc.*, 799 F.2d at 871.  Moreover, Plaintiff has plausibly alleged ownership through its continued use of the marks.  "Without the presumption of ownership that accompanies registration, *see* 15 U.S.C. §§ 1057(c), 1115(a), the standard test of ownership of a mark is priority of use in commerce."  *See Kohler Co. v. Bold Int'l FZCO*, 422 F. Supp. 3d 681, 733–34 (E.D.N.Y. 2018).  Plaintiff pleads that it began use of the Thursday marks after its formation in 2012, prior to DNVB's use of the marks in 2019.  *See* Am. Compl. ¶¶ 16, 20.  Plaintiff also alleges that it has continuously used the mark since that time, and that it is an important "influencer" in fashion and footwear and that it has been and continues to be "a sought-after collaborator within the fashion and footwear industry."  *Id*. ¶ 10.  Plaintiff has therefore sufficiently alleged ownership of the Thursday Marks under Counts I-IV.

Finally, I hold that Plaintiff has stated a claim for common law unfair competition under New York law.  "A claim under the Lanham Act, coupled with a showing of bad faith or intent, establishes a claim for unfair competition" under New York common law. *Coach, Inc. v. Horizon Trading USA Inc*., 908 F.Supp.2d 426, 436 (S.D.N.Y. 2012); *see also Lorillard Tobacco Co. v. Jamelis Grocery, Inc.,* 378 F. Supp. 2d 448, 456 (S.D.N.Y. 2005).  In *Mobil Oil Corp. v. Pegasus Petroleum Corp.*, 818 F.2d 254, 259 (2d Cir. 1987), the Second Circuit explained that actual or constructive knowledge of the mark may signal bad faith.  *See also Centaur Communications, Ltd. v. A/S/M Communications, Inc.,* 830 F.2d 1217, 1227 (2d Cir.1987); *Harold F. Ritchie Inc. v. Chesebrough-Pond's, Inc*., 281 F.2d 755, 758 (2d Cir. 1960) ("In this circuit and others, numerous decisions have recognized that the second comer has a duty to so name and dress his product as to avoid all likelihood of consumers confusing it with the product of the first comer.").

Here, Plaintiff's allegations suggest more than just infringement- it suggests bad faith and deception. Plaintiff alleged that DNVB began using the marks despite the USPTO's refusal to register their mark due to the likelihood of confusion with the Thursday Marks. Am. Compl. ¶ 21. Plaintiff also alleges that DNVB acted "with full knowledge of Plaintiffs' registered trademarks," and that DNVB requested that Thursday LLC consent to the registration of its marks in May 2020. *Id.* ¶¶ 22-23. These allegations are sufficient to show that Defendant was aware that their goods would be infringing on Plaintiff's mark. Count V is hereby sustained.

III. CONCLUSION

In conclusion, DNVB's motion to dismiss is denied. DNVB's motion for judgment on the pleadings is dismissed as moot.

The parties shall appear for an initial pretrial conference on September 3, 2021. The Clerk is directed to terminate the open motions, ECF Nos. 21, 33.

SO ORDERED.

Dated: New York, New York  /s/ Alvin K. Hellerstein_____
June 29, 2021  ALVIN K. HELLERSTEIN
United States District Judge