UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THURSDAY LLC,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DNVB, INC. d/b/a THURSDAY BOOT CO.,<br><br>　　　　Defendant. | Case No.  20-cv-09142-AKH<br><br>**STIPULATED<br>PROTECTIVE ORDER** |

**WHEREAS**, Thursday LLC ("Plaintiffs"), and DNVB, INC. ("Defendant"), hereafter referred to as "the Party" or "Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosures of confidential business information, or other proprietary information;

**WHEREAS**, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure Rule 26(c):

**THEREFORE**, it is hereby stipulated among the Parties and **ORDERED** that:

**1. Designation of Confidential Documents.**

A.     Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information, including but not limited to research, development, personnel, financial, competitive, personal information, or trade secrets of the Party, or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or materials as follows: "Confidential."   The word

1

"Confidential," shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "Confidential" shall be placed on the cover page of the transcript by each attorney receiving a copy of the transcript, if not already present on the cover page of the transcript when received by the court reporter. Multi-page documents that are bound together must be stamped or labeled "Confidential" on each and every such page, but a party designating such document as "Confidential" shall where practical, designate as "Confidential" only those pages requiring protection. In the case of computer, audiovisual, digital or other electronic or magnetic medium, such notice shall be placed on the medium or its protective cover, if any. Any document which was or is produced without a "Confidential" designation may be so designated retroactively by written notice to opposing counsel. Discovery responses, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a confidential document and each document or specific information shall be designated as "Confidential." The Parties may designate as "Restricted Confidential – Attorney's Eyes Only," in whole or in part, any material which contains highly confidential information that the producing party believes in good faith to be so commercially sensitive or confidential that disclosure to persons would have the effect of causing harm to the designating entity or individual. Any document designated as "Confidential" or "Restricted Confidential – Attorney's Eyes Only" pursuant to this Order, and the contents of such document, are referred to herein as "Confidential Material." The party in receipt of such designated material shall restrict the disclosure of such information to those persons qualified pursuant to this Order.

6845275v.1

B.      Entering into, agreeing to, and/or producing, or receiving Confidential or Restricted Confidential – Attorney's Eyes Only material, or otherwise complying with the terms of this Protective Order, shall not:

(a)     operate as an admission that any particular Confidential Material contains or reflects trade secrets or any other type of confidential information;

(b)     prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular discovery material;

(c)     prejudice in any way the rights of a producing party to object to the production of documents it considers not subject to discovery;

(d)     prejudice in any way the rights of a party to seek a determination by the Court that particular material be produced; or

(e)     prejudice in any way the rights of a party to apply to the Court for further protective orders, or modifications hereof.

C.      The initial failure to designate information in accordance with this Order shall not preclude any party from designating any information "Confidential" or "Restricted Confidential – Attorney's Eyes Only." A party must provide written notice to counsel of record for the receiving party designating the previously produced information as "Confidential" or "Restricted Confidential – Attorney's Eyes Only." The party in receipt of such designated material shall restrict the disclosure of such information to those persons qualified pursuant to this Order, and, if such information has previously been disclosed to persons not so qualified, it shall take reasonable efforts to obtain all such previously disclosed information and advise such persons of the claim of confidentiality.

6845275v.1

D.  Designating a document "Confidential" or "Restricted Confidential - Attorney's Eyes Only" shall not be used against the producing party in any way as, for example, an admission that the designated information constitutes or contains any trade secret or confidential information.

**2.  Use and Disclosure of Documents Designated "Confidential"**

A.  No person subject to this Order, other than the producing person, shall disclose any Discovery Material designated by the producing person as "Confidential" to any other person, except that such Confidential Discovery Material may be disclosed to:

(a)  the parties to this action;

(b)  counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)  the author, addressee, or any other person indicated on the face of a document as having received a copy of that document;

(d)  any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Notice of Adherence to Protective Order in form annexed as an Exhibit hereto;

(e)  non-party experts or consultants, including their secretarial and clerical personnel, retained to assist counsel of record in this case who become qualified to receive Discovery Material designated under this Protective Order in accordance with the following procedure:

(i) Counsel for a party proposing any such expert or consultant shall submit to outside counsel of record for the other parties a copy of a completed Notice of Adherence to Protective Order in the form attached hereto as Exhibit A signed by such expert or consultant, and a current resume or curriculum vitae for such person, which shall disclose any non-confidential employment and/or consultations the expert has had in the preceding four years. To the extent that there is a confidential employment or consultation arrangement, the proposing party shall disclose, to the extent possible without violating any confidentiality obligations: (i) the industry in which the relationship(s) took place, (ii) the general technology involved (iii) the dates of the relationship(s), (iv) a statement of whether the relationship(s) was with a competitor of any of the parties, and (v) any non-confidential information available about the relationship(s) that would describe or tend to describe the circumstances of the relationship(s). If any of the information in (i) through (v) above cannot be disclosed because of confidentiality obligations, the proposing party must identify which category or categories of information is or are not being disclosed. The original of each such Notice shall be maintained by counsel proposing the expert. A party proposing such expert or consultant shall respond within three (3) Court days to any

5

reasonable request for additional information regarding the employment or consulting relationships or other professional activities of the proposed expert or consultant;

(ii) Unless a party notifies the proposing counsel of its objection to any such proposed expert or consultant, and the basis therefor, within five (5) Court days after the receipt of a copy of the Notice referred to in subparagraph (i) above, such expert or consultant shall thereafter be deemed a qualified recipient and entitled to receive the designating party's Confidential Discovery Material pursuant to the terms and conditions of the Protective Order;

(iii) The objection must be made for good cause and in writing, stating with particularity the reasons for the objection;(iv) Should the opposing party timely notify proposing counsel of its objection, the parties shall meet and confer within ten (10) Court days and, if not resolved, the objecting party shall have ten (10) Court days from the meet and confer within which to file a motion for a protective order precluding the proposed disclosure. Where objection is made, no designated Discovery Material shall be disclosed to the consultant or expert until the day after the last day to file a motion for a protective order (if no protective order is sought), or upon entry of the Court's order denying the producing party's motion

6

for protection. Failure of the objecting party to file such a motion shall not be deemed a waiver of any objection to the disclosure of information to the proposed person, subject to the terms of this Protective Order;

(f) stenographers engaged to transcribe depositions conducted in this action; and

(g) the Court and its support personnel.

B. Disclosure of Discovery Material designated as "Restricted Confidential – Attorney's Eyes Only" shall be limited to the persons identified in paragraphs 2.A.(b), 2.A.(e), 2.A.(f) and 2.A.(g).

C. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 2.A.(a), 2.A.(b), 2.A.(c), 2.A.(d) or 2.A.(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Notice of Adherence to Protective Order in the form attached hereto as Exhibit A and served a copy of such executed Notice of Adherence on all parties.

**3. Third-Party Vendors**

Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Notice of Adherence to Protective Order in the form attached hereto as Exhibit A and serving a copy of such executed Notice of Adherence on all Parties.

**4. Nonparty Information**

The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to

desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

### 5. Declassification of Confidential Material; Material Exempted

A. At any time during the pendency of this action, any party may object to the designation of any Protected Material as "Confidential" or may, after making a good faith effort to resolve any such objection, move for an order vacating the designation. While such an application is pending, the Protected Material in question shall be treated as Confidential Material pursuant to this Protective Order. The producing party shall have the burden of proof that good cause exists for the designation of Confidential Material.

B. The parties are not obliged to challenge the designation of any Confidential Material at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge.

C. The provisions of this Order shall not apply to any document or information contained therein which are obtained from non-privileged sources other than through discovery or which are before, or after designation as "Confidential" become, a matter of public record on file with any governmental or regulatory agency or board or otherwise available from publicly accessible sources.

### 6. Filing of Confidential Material

All Confidential Material to be filed under seal with the court shall be done in accordance with local rules, including but not limited to Section 4 of the Hon. Judge Alvin K. Hellerstein's Individual Rules. In the event the court denies the request to file said Confidential

Material under seal, the parties shall continue to treat the Confidential Material in all other respects as Confidential Material governed under this protective order.

7. **Use of Confidential Information in Depositions.**

A deponent may, during the deposition, be shown and examined about Confidential Material. Unless the deponent already knows the Confidential Material concerned, the deponent shall (in lieu of signing a Notice of Adherence) be advised of and agree to, while under oath, the restrictions contained in this Order before being examined about such material. Deponents shall not retain or copy portions of their transcript which contain Confidential Material Parties and deponents may, at the time a deposition is taken or within ten days thereafter, designate pages or sections of the transcript (and exhibits thereto) as "Confidential". Confidential Material within the deposition transcript may be designated by underlining, separate binding, or other suitable means.

8. **Confidential Information at Trial.**

Subject to the Federal Rules of Evidence, Confidential Material may be offered in trial or at any court hearing, provided that the proponent of the evidence gives reasonable notice under the circumstances to counsel for the party that designated the information as protected. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as protected and, if so, what protection, if any, may be afforded to such information at the trial.

9. **Unauthorized Disclosure**

In the event of disclosure of any Confidential Material to a person not authorized for access to such material, the party responsible for having made, and any party with knowledge

9

of, such disclosure shall immediately inform counsel for the party whose Confidential Material has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The responsible party shall also promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such information or materials is made. Each party shall cooperate in good faith in that effort.

### 10. Duration of Order, Return of Confidential Material, and Retention by Counsel

A. This Order shall continue in effect after the conclusion of this action, except that a receiving party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Order.

B. Within 45 calendar days after the conclusion of this action in its entirety, all parties and persons having received Confidential Material shall dispose of all such material either by (1) returning such material to counsel for the producing party and certifying that fact, or (2) destroying such material in a manner that ensures that it will not be disclosed to or disseminated or recovered by any person and certifying that fact. No person or party shall be deemed in breach of this paragraph until and unless they or their counsel have received a written demand for compliance herewith after compliance became due and forty-five (45) days have elapsed without compliance.

C. Counsel for the parties shall be entitled to retain all court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions and at trial, and attorney work product, including such materials containing, quoting, discussing or analyzing Confidential Material, provided that such counsel, and employees of such counsel, shall not disclose such court papers, deposition and trial transcripts, exhibits or attorney work product to any person

unless after reasonable prior notice to the Producing Party, the disclosing counsel has obtained permission pursuant to Court Order or by agreement with the producing party. The Confidential Materials kept by counsel pursuant to this subsection shall be maintained so as not to be accessible to persons other than such counsel and his or her partners, associates, paralegals, and secretaries

   D. "Conclusion of this action" means the expiration of appeal periods or the execution of a settlement agreement among all the parties finally disposing of this action.

   **11.** **Subpoena by Third Party**

   If any Party is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document seeks Confidential Material, the Party in receipt of the subpoena shall give prompt written notice to counsel who produced the Confidential Material prior to the deadline for complying with the subpoena or responding to the document demand. No compulsory disclosure to third parties of material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

   **12.** **Court's Continuing Jurisdiction**

   This Court has continuing jurisdiction over the enforcement, interpretation, and modification of this Order, and any person executing a Notice of Adherence of this Order shall be deemed to have consented to the personal jurisdiction of this Court for such purpose. The confidentiality obligations imposed by this Order shall survive unless otherwise expressly ordered by this Court upon a duly noticed motion and hearing.

**AGREED TO BY:**

| | |
|---|---|
| **CHIESA SHAHINIAN & GIANTOMASI PC** | **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP** |
| __/s/ Ronald Israel_____ | ___/s/ Jura Zibas_____ |
| Ronald L. Israel<br>One Boland Drive<br>West Orange, NJ 07052<br>973.530.2045<br>973.530.2245<br>risrael@csglaw.com | Jura C. Zibas<br>150 E. 42nd St.<br>New York, New York 10017<br>212.915.5756<br>212.490.3038<br>jura.zibas@wilsonelser.com |
| Attorney for Plaintiff | Attorney for Defendant |

**ENTERED this __3___ day of September, 2021**

_/s/   **Alvin   K.   Hellerstein**_____
United States District Judge Alvin K. Hellerstein

12

6845275v.1

# EXHIBIT "A"

6845275v.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THURSDAY LLC,<br><br>    Plaintiff,<br><br>        v.<br><br>DNVB, INC. d/b/a THURSDAY BOOT CO.,<br><br>    Defendant. | Case No. 20-cv-09142-AKH |

**NOTICE OF ADHERENCE TO PROTECTIVE ORDER**

I, _____, of _____

_____, affirm and state as follows:

(1)    I have read the Protective Order entered in this litigation;

(2)    I understand its terms and agree to be fully bound and adhere to all terms of such Order.

_____                          _____
Date                                                       Signature

6845275v.1